UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

SONIA BOATSWAIN,

                              Plaintiff,

                    -against-

Police Officer BRIAN MCHENRY, Shield No. 31146; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                           Defendants.
------------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action.

## PARTIES

6.      Plaintiff Sonia Boatswain ("plaintiff" or "Ms. Boatswain") is a resident of the State of New York.

7.      Defendant Police Officer Brian McHenry, Shield No. 31146 ("McHenry"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant McHenry is sued in his individual and official capacities.

8.      At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9.      At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11.     At approximately 3:15 p.m. on November 2, 2012, plaintiff was lawfully

operating her vehicle with her friend as a passenger in the vicinity of Preston Court and East 83rd Street in Brooklyn, New York.

12.    Ms. Boatswain had been waiting to get gas that day for several hours as there was a gas shortage due to Superstorm Sandy.

13.    A defendant male officer approached plaintiff's driver-side window and ordered her to move.

14.    Ms. Boatswain tried to mover her car, but she was unable to as she was surrounded by vehicles on all sides.

15.    When Ms. Boatswain told the officer that she was unable to move defendant put his head through her window and threatened her with arrest if she did not move her car.

16.    When plaintiff asked what she would be arrested for, defendant began screaming at her, in sum, to "get the fuck out of the car."

17.    The officer violently grabbed the door of plaintiff's vehicle that was locked and attempted to open it.

18.    Defendant reached through the open window of the car and tried to forcibly pull plaintiff through the window but was unable to because Ms. Boatswain was wearing a seatbelt.

19.    Defendant began to punch Ms. Boatswain in the face as she sat in her vehicle and continued to try and pull plaintiff's body out of the car window.

3

20.     As defendant continued to beat plaintiff, he said, in sum, "don't make me taser you."

21.     More defendants approached plaintiff's car, opened her door and dragged plaintiff out of her car.

22.     At no time during the incident did Ms. Boatswain refuse to get out of her car.

23.     Defendants continued to curse and assault plaintiff once she was ripped from the vehicle.

24.     A male defendant officer searched plaintiff, including putting his hands inside of her front pockets.

25.     Thereafter, a female officer also searched plaintiff.  No contraband was recovered from plaintiff.

26.     Without probable cause or reasonable suspicion to believe she had committed any crime or offense, Ms. Boatswain was put in tight handcuffs.

27.     When the plaintiff's friend, the passenger, asked how she would get home as plaintiff's car was taken into custody, one officer said to another, in sum, "let that bitch walk home."

28.     Ms. Boatswain was eventually taken to the 69th precinct where she was searched for a third time.

29.     At the precinct the officers falsely informed employees of the Kings

County District Attorney's Office that they had observed plaintiff engage in disorderly conduct, obstructing governmental administration, driving without a license and resisting arrest, and prepared false paperwork to that effect, including an arrest report.

30.     At no point did the officers observe plaintiff engage in unlawful behavior.

31.     Plaintiff was eventually taken to Brooklyn Central Booking.

32.     Plaintiff was arraigned in Kings County Criminal Court and released on her own recognizance after spending approximately 20 hours in custody.

33.     On or about December 5, 2012, the false charges against Ms. Boatswain were adjourned in contemplation of dismissal.

34.     Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to her reputation.

## FIRST CLAIM
### Unlawful Stop and Search

35.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

37.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

38.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

40.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

41.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42.    The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

43.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

44.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45.     The individual defendants created false evidence against plaintiff.

46.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

47.     In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

48.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

49.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent

such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

51.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

52.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.

DATED:     December 14, 2012
           New York, New York

                        HARVIS WRIGHT
                        SALEEM & FETT LLP

                        _____
                        Afsaan Saleem
                        305 Broadway, 14th Floor
                        New York, New York 10007
                        (212) 323-6880
                        asaleem@hwsflegal.com

                        *Attorney for plaintiff*